IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PETTAWAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 13-213ERIE |
| | ) | |
| v. | ) | District Judge Hornak |
| | ) | |
| MAXINE OVERTON, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 37] be denied.

**II.    REPORT**

    **A.  Relevant Procedural History**

Plaintiff, acting *pro se*, originally filed his complaint in this civil action on July 16, 2013. Shortly thereafter, Plaintiff filed two separate motions for preliminary injunctions, as well as a motion seeking the appointment of counsel. ECF Nos. 12, 13, 14. This Court held a telephonic hearing on those pending motions on September 9, 2013. At the hearing, Plaintiff represented that he had been adjudicated mentally ill in the criminal context and had been incarcerated at a psychiatric facility. ECF No. 27.

In light of the Third Circuit's pronouncement in Powell v. Symons, 680 F.3d 301 (3d Cir. 2012), and because this Court is on notice of Plaintiff's potential, counsel was appointed. See

1

ECF No. 20. At the hearing, Plaintiff voluntarily withdrew his motions for injunctive relief without prejudice. ECF No. 27.

Thereafter, counsel was appointed and a First Amended Complaint was filed. Plaintiff alleges that he suffers from serious mental disorders, Hepatitis C, cardiovascular disease, and kidney injuries and that Defendants have been deliberately indifferent to those serious medical needs in violation of the Eighth Amendment. Named as Defendants are: Maxine Overton, Dr. Robert Maxa, Melinda Adams, Nancy Giroux, Michael Clark, David Zetwo, John Skindell and Alexander-Gottesman Jill.

In the present motion for preliminary injunction, Plaintiff seeks preliminary injunctive relief inviting this Court to issue an order that directs Defendants to "immediately provide Mr. Pettaway with adequate medical and psychiatric screening, testing, monitoring and treatment of Mr. Pettaway['s] medical needs and mental disorders." See ECF No. 37-2.

### B. Preliminary Injunction Standard

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65. Because a preliminary

injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of the injunction.  See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000).

If the record does not at least support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).  Courts have "placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939, at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." Ace American Ins. Co. v. Wachovia Ins. Agency Inc., 306 Fed.App'x 727, 732 (3d Cir. 2009) quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). See also Trinity Industries, Inc. v. Chicago Bridge Iron Co., 735 F.3d 131, 139 (3d Cir. 2013). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, in the prison context, a request for any form of mandatory prospective relief "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (3d Cir. 1995).

### C. Plaintiff's Motion for Preliminary injunction

This Court held a hearing on Plaintiff's motion on June 30, 2014. Plaintiff's motion sought an order directing Defendants to provide Plaintiff "with adequate medical and psychiatric screening, testing, monitoring and treatment" of his "medical needs and mental disorders." See ECF No. 37-2.

In support of his motion, Plaintiff has provided no evidence whatsoever of any irreparable injury which he faces. Plaintiff contended that he has not been seen by a medical professional in months, but Defendants refuted that statement with numerous examples of

4

medical visits recorded in his medical records, including a psychiatric visit with Dr. Tomei on May 30, 2014, and a physical examination on May 6, 2014.[1] ECF No. 45-1.

Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). Plaintiff, as the movant, must demonstrate *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). Irreparable injury is established by showing that the movant will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight, 882 F.2d at 801 ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (internal citations omitted). Plaintiff has failed to meet his burden in this regard as he has failed to show that he is receiving no medical care.

Moreover, an inmate's disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Mere disagreements over medical judgment do not state Eighth Amendment claims. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state claim for relief under section 1983). Thus, Plaintiff has also failed to show a likelihood of success on the merits of his claim.

Finally, granting this injunctive relief would effectively have the federal courts making *ad hoc*, and individual, decisions concerning the treatment of a single prisoner, and could harm

---

[1] When questioned about these visits, Plaintiff claimed that he did not remember any examinations or visits by any medical professionals in months.

5

both the Defendants and the public's interest. In the prison context, the Defendants' interest and the public's interest in penological order could be adversely affected if the court were to dictate the medical treatment of a single inmate, one inmate out of thousands in the state system. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and … whether granting the preliminary relief will be in the public interest," Gerardo v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994), also weigh heavily against Plaintiff in this case.

Accordingly, Plaintiff's motion for preliminary injunction should be denied.

### III. CONCLUSION

It is respectfully recommended that Plaintiff's motion for preliminary injunction [ECF No. 37] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 1, 2014