# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PETTAWAY, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | C.A.No. 13-213ERIE |
| | ) | District Judge Hornak |
| MAXINE OVERTON, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the motion to dismiss by the Commonwealth Defendants [ECF No. 64] be granted. Defendants Zetwo, Clark, Overton, Giroux, Adams and Skindell should be dismissed from this action.

**II. REPORT**

    **A. Relevant Procedural History**

Plaintiff, acting *pro se*, filed this civil rights action on July 16, 2013. After a telephonic hearing held on September 9, 2013, this Court administratively closed this case and sought counsel to represent Plaintiff. ECF Nos. 18, 20. Following declinations by several attorneys, in April of 2014, Attorney Olexandra Tolmatska, entered an appearance on behalf of Plaintiff and the Court reopened the case and allowed counsel to file an Amended Complaint, along with a motion for preliminary injunction. See ECF Nos. 31, 33, 36, 37.

The Amended Complaint alleges that Plaintiff's Eighth Amendment rights were violated

when Defendants failed to provide him with adequate medical monitoring and medical and mental health treatment during his incarceration at SCI Albion through June of 2013. As Defendants to this action, the Amended Complaint names: Maxine Overton, Health Care Administrator; Robert Maxa, Medical Director; Alexander-Gottesman Jill, Psychiatrist[1]; Nancy Giroux, Superintendent; Melinda Adams, Deputy Superintendent; Michael Clark, Deputy Superintendent of Centralized Services; David Zetwo, Deputy Superintendent for Facilities Management; and John Skindell, Unit Manager.

An evidentiary hearing was held on the motion for injunctive relief on June 30, 2014, at which Plaintiff and prison medical staff testified. ECF No. 45. This Court filed a Report and Recommendation on July 1, 2014, recommending the denial of Plaintiff's motion. ECF No. 48. District Judge Hornak later adopted the Report and Recommendation as the opinion of the Court. ECF No. 59.

Although represented by appointed counsel during this time period, Plaintiff continued to draft filings on his own behalf. See ECF Nos. 50, 51, 54, 56. Around this same time, counsel for Plaintiff filed a motion to withdraw as counsel and Plaintiff, acting *pro se*, filed a motion to "disqualify" his counsel. ECF Nos. 56, 57. The motion to withdraw was granted and the motion to disqualify was dismissed as moot. In July of 2014, Plaintiff then filed a Notice of Appeal to the Third Circuit on this Court's dismissal of his motion to disqualify counsel. ECF No. 60, 61. In early January 2015, the case was returned from the Third Circuit, as Plaintiff's *pro se* appeal was dismissed for lack of appellate jurisdiction.

Previously, on August 27, 2014, the Commonwealth Defendants moved to dismiss based upon Plaintiff's failure to allege their personal involvement in Plaintiff's medical treatment in the

---

[1] The docket reflects that service has not yet been made on Defendant Alexander-Gottesman Jill.

First Amended Complaint. ECF No. 64. In response to this motion to dismiss, Plaintiff filed a proposed Second Amended Complaint [ECF No. 77] as he was permitted to do. ECF No. 72, Response Order. However, Plaintiff's proposed Second Amended Complaint was **not** deemed filed as it was not signed by Plaintiff in violation of the Local Rule 10.[2]

By Order of this Court dated January 13, 2015, following the return of the case from the Circuit, Plaintiff was given another opportunity to file an opposition brief and/or a **signed** proposed amended complaint in response to the pending motion to dismiss before January 23, 2015. See ECF No. 72. Plaintiff filed both. See ECF Nos. 91, 92.

### B. Standards of Review

#### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992);

---

[2] Additionally, the proposed pleading began with a typewritten page including paragraphs on jurisdiction and venue, then progressed into handwritten pages including case law citations, Internet medical articles, misconduct report, inmate request to staff members, confiscated item receipts, etc. ECF No. 77. Plaintiff's proposed Second Amended Complaint failed to provide any factual narrative, failed to specify what the named Defendants did to violate his constitutional rights, and failed to reference several of the named Defendants.

3

Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same).

Because Plaintiff is, once again, a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

**C. Motion to dismiss by Commonwealth Defendants**

The Commonwealth Defendants move to dismiss on the basis that the Amended

Complaint [ECF No. 36] fails to state their personal involvement in the alleged constitutional deprivations. This Court agrees.

1. **Deliberate Indifference**

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." <u>West v. Keve</u>, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Monmouth County Corr'al Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, <u>Durmer v. O'Carroll</u>, 991 F.2d 34, 38 (3d Cir.1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," <u>White v. Napoleon</u>, 987 F.2d 103, 109 (3d Cir.1990).

2. **Defendants Clark and Zetwo**

There is not a single factual allegation against either Defendant Clark or Defendant

Zetwo in the Amended Complaint [ECF No. 36], and accordingly, they both should be dismissed from this action. Furthermore, the recently-filed proposed Amended Complaint [ECF No. 91] also fails to state any factual allegation against either of these Defendants.

### 3. Defendants Overton, Giroux, Adams and Skindell

In the Amended Complaint, Plaintiff identifies the remaining defendants as supervisory personnel only: Maxine Overton as the Health Care Administrator; Nancy Giroux as the Superintendent of SCI Albion; Melinda Adams as Deputy Superintendent at SCI Albion; and John Skindell as a Unit Manager.

Plaintiff has not made any allegation sufficient to factually support the personal involvement and/or acquiescence of these Defendants in the allegedly inadequate medical care. See Burtch, 662 F.3d at 221. When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). See also Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir.1988). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990).

Even if Plaintiff could factually support the personal involvement of these Commonwealth Defendants, he has failed to state a claim upon which relief may be granted. Non-medical prison officials cannot be

> considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. [ ... ] If a prisoner is under the care of medical experts, a

> nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.
>
> Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [ ... ] will not be chargeable with [ ... ] deliberate indifference [under the Eighth Amendment].

Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) quoting Durmer, 991 F.2d at 69. In other words, a non-medical supervisory official may be held only liable if there was "knowledge of malicious' and sadistic' medical mistreatment." Henderson v. Bussanich, 2006 WL 3761998, at *1 (M.D.Pa), interpreting Spruill, 372 F.3d at 236-37.

Furthermore, even in her capacity as the Health Care Administrator [3], Defendant Overton is not deliberately indifferent if she failed to respond to Plaintiff's medical complaints while he was under the care of medical professionals. See Spruill, 372 F.3d at 256. Overton's reliance on the opinion of medical professionals (even if Plaintiff grieved the alleged inadequacies in his medical treatment) does not legally indicate that she possessed "knowledge of malicious or sadistic medical mistreatment" so as to impose liability upon her. See Henderson, 2006 WL 3761998.

Accordingly, the claims against the Commonwealth Defendants should be dismissed and the motion to dismiss should be granted. Furthermore, the allegations of the proposed Amended Complaint fail for the same reasons. The allegations against the Commonwealth Defendants are virtually identical in the Amended Complaint [ECF No. 36] and the proposed Amended

---

[3] Further, it is the not responsibility of the Health Services Administrator to order the medical treatments sought by inmates. The responsibilities of the Health Services Administrator include managing the Health and Dental Departments of the prison, overseeing nursing staff, and overseeing independent contractors, such as PHS, Inc. See Josey v. Beard, 2009 WL 1858250 (W.D. Pa.).

Complaint [91][4], with the exception of one paragraph in the latter, which reads: "Defendants were personally involved in the alleged constitutional violation in that each of them: (1) directly participated in the infraction; (2) failed to remedy the wrong after learning of the violations through a report; and (3) were deliberately indifferent in managing subordinates who caused the unlawful conditions and events…" ECF No. 91, page 12, ¶ 7. Even if the proposed Amended Complaint were deemed filed, Plaintiff's conclusory allegations in this regard fail to state a claim upon which relief can be granted.

### III.    CONCLUSION

It is respectfully recommended that the motion to dismiss by the Commonwealth Defendants [ECF No. 64] be granted. Defendants Zetwo, Clark, Overton, Giroux, Adams and Skindell should be dismissed from this action.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 28, 2015

---

[4] The proposed Amended Complaint fails to name Skindell.

9